UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH ALVAREZ,<br><br>         Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>         Defendants. | Case No.: 3:17-cv-2236-AJB-NLS<br><br>**Order: (1) GRANTING PLAINTIFF'S MOTION TO RECONSIDER, (Doc. No. 8);**<br><br>**(2) DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT, (Doc. No. 6); AND**<br><br>**(3) DENYING AS MOOT PLAINTIFF'S IFP MOTION, (Doc. No. 9)** |

  The Court first reviews Plaintiff Keith Alvarez's motion to reconsider the Court's order dismissing the complaint for failing to re-file the motion to proceed in forma pauperis or pay the filing fee, and Plaintiff's subsequent IFP motion. (Doc. Nos. 8, 9.) The Court **GRANTS** Plaintiff's motion to reconsider and thus reinstates Plaintiff's first amended complaint.

  Next, the Court reviews Plaintiff's first amended complaint under 28 U.S.C. § 1915(e), as required when a plaintiff files a motion to proceed in forma pauperis. (Doc. Nos. 6, 9.) Under this mandatory screening, the Court finds that Alvarez's first

amended complaint does not sufficiently state a claim for relief. Thus, the Court **DENIES as moot** Alvarez's IFP motion, (Doc. No. 9), and **DISMISSES** his amended complaint, (Doc. No. 6).

## I.  MOTION TO RECONSIDER

Plaintiff requests that the Court reconsider its order dismissing the first amended complaint for failure to file an IFP motion or pay the filing fee on grounds of excusable neglect under Federal Rule of Civil Procedure 60. (Doc. No. 8.) Rule 60 allows the court to relieve a party of a final judgment or order on grounds of "mistake, inadvertence, surprise, or excusable neglect" if the motion is made within a reasonable time following the order. Fed. R. Civ. P. 60(b), (c). The Supreme Court has interpreted "excusable neglect" to include when counsel's "failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 384 (1993). The Court, in *Pioneer*, established a four factor balancing test of excusable neglect, which the Ninth Circuit then applied to Rule 60(b) motions: (1) the danger of prejudice to the [opposing party]; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *See id.* at 395; *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) ("We now hold that the equitable test set out in *Pioneer* applies to Rule 60(b) as well."). "The determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Briones*, 116 F.3d at 381.

### *A. Danger of Prejudice to the Opposing Party*

Turning to the first factor, the Court finds that there is not a great risk of prejudice here. "[T]o be considered prejudicial, it must result in more than delay. Rather, the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433–34 (6th Cir. 1996). The evidence in this case is comprised mainly of the record created during the many hearings before the Commission's ALJ and the Commission's

findings. Therefore, this evidence is unlikely to be lost, damaged, or altered during the delay. Furthermore, pursuant to 28 U.S.C. § 1915(e), the Court is required to review the Plaintiff's claim under a motion to dismiss analysis. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Therefore, the Defendant need not take any action to defend against this claim. While the Ninth Circuit has held that obliging a defendant to continue defending against a suit does not constitute prejudice, the defendant in this matter would not even be required to do that. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1262 (9th Cir. 2010) ("At most, they would have won a quick but unmerited victory, the loss of which we do not consider prejudicial.") Therefore, the risk of prejudice is low, and thus weighs towards a finding of excusable neglect.

### *B. Length of Delay*

In assessing the second factor, the Court finds that the length of delay was not unreasonable. Rule 60 requires that a motion for reconsideration on grounds of excusable neglect be filed "no more than a year after the entry of the judgment or order." Fed. R. Civ. P. 60(c)(1). The original filing date of the motion to proceed IPF, when Plaintiff filed his first amended complaint only, was December 22, 2017. (Doc. No. 8-1 at 2.) This Court dismissed Plaintiff's first amended complaint on January 22, 2018, for failure to pay the filing fee or file a motion to proceed in IFP along with the FAC. (*Id.*) Counsel was alerted to her error of failing to file the IFP application at that time and responded by filing a motion to reconsider and a motion to proceed IFP on January 29, 2018. (*Id.* at 4.) Counsel remedied her error only five weeks after she made the mistake, and filed the motion to reconsider and motion to proceed IFP one week after she was alerted to the error—all well within the one year required by the rule. This short delay has not harmed the court or the parties. *See Lemoge v. United States*, 587 F.3d 1188, 1197 (9th Cir. 2009) (finding a delay of seven months between dismissal and filing of a motion to reconsider "insubstantial.") Thus, this factor weighs towards a finding of excusable neglect.

### *C. Reason for Delay*

The Court finds the reason for counsel's error, while certainly negligent, nonetheless

3

compelling. Counsel explains that her failure to file the motion to proceed IFP was because her father called to tell her that her mother was in serious condition and he was deciding whether to take her to the emergency room as she was filing the first amended complaint and motion to proceed IFP. (Doc. No. 8-1 at 3.) Counsel explains that her mother has been ill with a chronic condition for some time that has required multiple surgeries. (*Id.* at 18–21.) Therefore, counsel quickly filed the first amended complaint and left her office to attend to her family. (*Id.* at 16–18.) She thought that she had also filed the motion to proceed IFP at that time, but, in fact, she had not. (*Id.*) While, once again, the Court finds counsel's failure to timely file both the first amended complaint and motion to proceed IFP or pay the filing fee negligent, the standard for excusable neglect is an equitable one. *Briones*, 116 F.3d at 381. Ill health is a common reason for excusable neglect, and while it is generally on the part of counsel, a close family member's health emergency is equally alarming and disruptive to everyday life. *See Lemoge*, 587 F.3d at 1197 (finding that counsel's injured leg and resulting staph infection, requiring multiple surgeries, was a legitimate reason for finding excusable neglect.) Furthermore, the Ninth Circuit has found excusable neglect for other, far weaker reasons than a chronically ill mother's emergency room visit. *See Ahanchian*, 624 F.3d at 1262 (in finding excusable neglect, "a calendaring mistake caused by the failure to apply a clear local rule may be a weak justification for an attorney's delay, [but] we have previously found the identical mistake to be excusable neglect."); *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004) (in finding excusable neglect, "a lawyer's mistake of law in reading a rule of procedure is not a compelling excuse. At the same time, however, a lawyer's mistake of fact, for example, in thinking the government was a party to a case and that the 60–day rule applied for that reason, would be no more compelling."). Therefore, counsel's excuse for the delay, while certainly a negligent oversight, is persuasive towards a finding of excusable neglect.

### ***D. Good Faith***

The Court finds no evidence of bad faith in counsel's negligence. Courts have routinely found excusable neglect on less than persuasive excuses if there is evidence that

4

the mistake was done in good faith, and not out of "deviousness or willfulness." *Bateman*, 231 F.3d at 1225; *see also Lemoge*, 587 F.3d at 1197 ("Caruana's inability to identify the correct agency to serve may have been negligent, and seriously so, but it was nonetheless, in the circumstances here, excusable negligence if merely a good-faith mistake."); *Ahanchian*, 624 F.3d at 1262 ("[H]is reliance on the calendaring mistake was not a bad-faith, post-hoc rationalization concocted to secure additional time.") Plaintiff's counsel states that she acted in good faith when she filed the first amended complaint and sincerely believed that she concurrently filed the motion to proceed IFP. (Doc. No. 8-1 at 3.) Counsel sincerely apologized for her mistake. *(Id.* at 4.) That counsel did not realize her mistake until the court dismissed the first amended complaint further indicates that counsel did in fact believe that she had submitted the motion to proceed IFP together with the first amended complaint. Further, her quick action to remedy the error, filing the requisite motions one week after discovering her mistake, bolsters her argument of good faith, rather than gamesmanship. Furthermore, Plaintiff's first amended complaint was dismissed, so any gamesmanship he would have gained from this tactic is inexplicable. Finally, Counsel previously filed Plaintiff's motion to proceed IFP together with his initial complaint in a timely manner. (Doc. No. 3.) Therefore, the Court finds no evidence of bad faith.

### *E. The Court Finds Excusable Neglect*

For the preliminary issue of examining Plaintiff's first amended complaint under 28 U.S.C. § 1915(e), the Court finds that a balancing of the *Pioneer-Briones* factors results in a finding of excusable neglect. Therefore, Plaintiff's motion to reconsider Plaintiff's motion to proceed in forma pauperis and dismissal of first amended complaint is **GRANTED** and Plaintiff's first amended complaint, (Doc. No. 6), is **reinstated**.

### II. SCREENING UNDER 28 U.S.C. § 1915(e)

#### *A. Legal Standards*

Under 28 U.S.C. § 1915(e)(2), when reviewing an IFP motion, the Court must rule on its own motion to dismiss before the complaint is served. *Lopez*, 203 F.3d at 1127 ("[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma

pauperis complaint that fails to state a claim.") The Court must dismiss the complaint if it is frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (noting 28 U.S.C. § 1915(e)(2)(B) is "not limited to prisoners"); *Lopez*, 203 F.3d at 1127 ("[§] 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim.") Accordingly, the Court "may dismiss as frivolous complaints reciting bare legal conclusions with no suggestion of supporting facts." *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984) (internal quotation omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A complaint is facially plausible when the facts alleged allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Social security appeals are not exempt from the § 1915(e) screening requirement. *Hoagland v. Astrue*, No. 1:12–cv–00973–SMS, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012); *see also Lopez*, 203 F.3d at 1129 ("section 1915(e) applies to all in forma pauperis complaints."). "Every plaintiff appealing an adverse decision of the Commissioner believes that the Commissioner was wrong." *Hoagland*, 2012 WL 2521753, at *3. "A complaint merely stating that the Commissioner's decision was wrong is plainly insufficient to satisfy a plaintiff's pleading requirement." *Schwei v. Colvin*, No. 2:15–cv–01086–JCM–NJK, 2015 WL 3630961, at *2 (D. Nev. June 9, 2015); *see, e.g.*, *Cribbet v. Comm'r of Social Security*, No. 1:12–cv–01142–BAM, 2012 WL 5308044, at *3 (E.D. Cal. Oct. 29, 2012) (citing *Brown v. Astrue*, Civil No. 11–cv–056 JL, 2011 WL 3664429, at *2 (D.N. H. Aug. 19, 2011)). Instead, "[a] complaint appealing the Commissioner's denial of disability benefits must set forth a brief statement of facts setting forth the reasons why the Commissioner's decision was wrong." *Hoagland*, 2012 WL 2521753, at *2 (collecting cases) (emphasis added).

***B. Discussion***

Plaintiff's first amended complaint contains significantly more facts regarding the procedural posture of his Social Security claim than did his first complaint. (Doc. No. 6 ¶ 4–14.) However, Plaintiff still relies on essentially the same arguments as he did in his complaint, which this Court previously dismissed for failure to state a claim on which relief may be granted. (Doc. No. 4 at 16–26.)

Plaintiff lists factual and legal findings made by the ALJ regarding Plaintiff's medical conditions and denial of benefits. (Doc. No. 6 at ¶ 15(a-d).) Plaintiff alleges that the ALJ denied Plaintiff's claim despite contrary evidence in the record. (Doc. No. 6 at ¶ 15(b)&(e); Plaintiff lists two ¶ 15(e)'s, the Court here refers to the first one.) Plaintiff also alleges that there is "no substantial evidence in the record to support the Commissioner's finding," that the evidence "supports only the finding that plaintiff is disabled," and that "[n]ew and material evidence for which good cause exists for failure to submit earlier exists and warrants a remand of this matter for further proceedings." (Doc No. 6 at ¶ 15(f-h).) Furthermore, Plaintiff alleges that the "ALJ failed to sustain its burden of proof under step five of the disability sequential analysis in that the assessed residual functional capacity is in conflict with the Dictionary of Occupational Titles (DOT)." (Doc. No. 6 at ¶ 15(e); Plaintiff lists two ¶ 15(e)'s, the Court here refers to the second one.)

However, the Commission, and as such, the ALJ, is charged with examining and evaluating the evidence in the record and making findings of fact. 42 U.S.C.A. § 405. Alleging that the ALJ rejected some of Plaintiff's evidence simply states a fact about the ALJ's legal conclusion without showing that it was wrong. "A complaint appealing the Commissioner's denial of disability benefits must set forth a brief statement of facts setting forth the reasons why the Commissioner's decision was wrong." *Hoagland*, 2012 WL 2521753, at *2. Plaintiff does not include any supporting evidence or facts to show that he is entitled to a contrary finding, or to support his claim of "new and material evidence." Nor does Plaintiff explain ***how*** or ***why*** the ALJ failed to carry its burden of proof. These are nothing more than conclusory statements for which Plaintiff fails to allege any factual

7

3:17-cv-2236-AJB-NLS

support.

### III. CONCLUSION

Therefore, Plaintiff's first amended complaint is **DISMISSED** for failure to state a claim on which relief may be granted. As there is no longer an operative complaint, the Court **DENIES AS MOOT** Alvarez's IFP motion. (Doc. No. 9). The Court **GRANTS** Plaintiff leave to amend to file a second amended complaint. That complaint must be filed by **March 23, 2018**. The Court urges Plaintiff to go beyond merely reciting the facts and findings of the ALJ's proceeding, but to show the Court <u>why</u> substantial evidence supporting the ALJ's conclusion is lacking, what "new and material evidence" exists, and why that would have a bearing on the ALJ's findings. Listing nearly four pages summarizing the Commissioner's opinion and only eight lines of conclusory argument does not pass Rule 8's threshold.

**IT IS SO ORDERED.**

Dated: February 23, 2018

Hon. Anthony J. Battaglia
United States District Judge